# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GUANNIAN GROUP CO., LIMITED d/b/a GN TRADING COMPANIES,<br><br>Plaintiff,<br><br>v.<br><br>IP POWER HOLDINGS LIMITED,<br><br>Defendants. | Case No. _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## DECLARATORY JUDGMENT COMPLAINT
## FOR PATENT NON-INFRINGEMENT

Plaintiff Guannian Group Co., Ltd., doing business as GN Trading Companies ("Plaintiff" or "GN Trading") files this declaratory judgment complaint against Defendant IP Power Holdings Limited ("Defendant" or "IP Power") and alleges as follows:

## NATURE OF THE ACTION

1. This action is based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This action arises out of the actual and justiciable case or controversy that exists between Plaintiff and Defendant, arising out of Defendant's patent assertion efforts against Plaintiff's lawful activities based on a patent of which no valid claims are infringed and for which no relief is legally warranted.

## THE PARTIES

3. Plaintiff is a Hong Kong limited company with its principal place of business at Room 1605, Ho King Commercial Centre, 2-16 Fa Yuen Street, Hong Kong.

4. Defendant is a Chinese limited company with its principal place of business at Rm 1206, 397 Hennessy Rd., Wan Chai, Hong Kong.

## JURISDICTION AND VENUE

5. This action arises under the United States Patent Act, 35 U.S.C. § 1, *et seq.* Plaintiff brings this civil action against Defendant under 28 U.S.C. §§ 2201 and 2202 to obtain declaratory judgment of non-infringement with respect to United States Patent No. 8,256,630 ("the '630 Patent" or "the Patent-in-Suit"). Attached hereto as Exhibit 1 is a true and correct copy of the '630 Patent.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. This Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400. This Court has personal jurisdiction over Defendant since Defendant directly targets business activities toward customers in the United States, including Illinois, through at least the fully interactive e-commerce Amazon.com. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller alias, offering to ship to the United States, including Illinois, accepting payment in U.S. dollar and, on information and belief, has sold products to residents in Illinois. In addition, Defendant has directed its patent assertion campaign at Plaintiff by, *inter alia*, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '630 Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in the United States, including Illinois. This process carries significant legal and business consequences to Plaintiff based on Defendant's allegations that

Plaintiff has infringed the '630 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Illinois.

8. On or around May 22, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business. Attached hereto as Exhibit 2 is a true and correct copy of the notification of the Amazon Complaint sent to Plaintiff.

9. On June 14, 2024, in response to Defendant's Amazon Complaint, the Amazon marketplace removed Plaintiff's accused products consisting at least seven (7) ASINs: B08PNT2ZLC; B08PP9JHDH; B08PPM8451; B0CFX4M1DT; B08PNT2ZLB; B08PP2GS1G; and B08PNW4HWV ("Accused Products") under the pretext that the seven ASINs may infringe the '630 Patent. Attached hereto as Exhibit 3 is a true and correct copy of the notification from Amazon stating that it has removed Plaintiff's Accused Products.

10. By initiating the Amazon Complaint against GN Trading, a company with whom Defendant was very familiar, Defendant availed itself of the laws of the state of Illinois and knew that its actions would harm GN Trading in this district. Defendant's Amazon Complaint constitutes unfair competition directed at Plaintiff and prejudices Plaintiff's ability to conduct business in Illinois. Defendant's acts seek to disrupt the stream of commerce originating in Illinois *vis-a-vis* Plaintiff's goods.

11. Venue in this judicial district is proper, *inter alia*, as a substantial part of the events giving rise to this declaratory judgment claim occurred in this judicial district as Defendant's Amazon Complaint effectively ceased Plaintiff's ability to conduct business in Illinois. The legal

rights that were violated as complained of herein exist in Illinois, and a substantial part of the improper restraint of trade with anticompetitive effects on the market occurred in Illinois.

12. Plaintiff has at all times acted in good faith with respect to Defendant's alleged patent rights. Plaintiff's Accused Products do not infringe the '630 Patent because none of the Accused Products possess all the elements and limitations of any claim of the Patent-in-Suit. For example, claim 1 of the Patent-in-Suit require "a locking means for releasably locking said foldable frame at said unfolded position, wherein said locking means comprises a first locker provided at said retention stopper provided at said upper end of said transmission link and a second locker provided at said sliding joint to releasably engage with said first locker, so as to lock up sliding joint at said upper end of said transmission link when said foldable frame is folded at said unfolded position …" The Accused Products lack such locking means as claimed in the '630 Patent. Specifically, Accused Products requires the lock hook piece to be separated from the supporting rod and is disposed on the first connecting piece or the second connecting piece. Accordingly, each claim of the Patent-in-Suit requires, at least, one element or limitation missing from the Accused Products which, thus, do not infringe the Patent-in-Suit.

## DEFENDANT'S UNLAWFUL ACTIVITIES

13. On September 4, 2012, the United States Patent and Trademark Office issued the '630 Patent.

14. Defendant purports to own by assignment all right, title, and interest in the '630 Patent, including the right to license, sell, and enforce the Patent-in-Suit.

15. On or around May 22, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action against Plaintiff in order to terminate Plaintiff's

4

commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

16. On June 14, 2024, in response to Defendant's Amazon Complaint, the Amazon marketplace removed Plaintiff's Accused Products consisting at least seven (7) ASINs: B08PNT2ZLC; B08PP9JHDH; B08PPM8451; B0CFX4M1DT; B08PNT2ZLB; B08PP2GS1G; and B08PNW4HWV ("Accused Products") under the pretext that the seven ASINs may infringe the '630 Patent.

17. Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (U.S. PATENT NO. 8,256,630)

18. Plaintiff repeats and realleges each allegation above as if fully set forth herein.

19. Plaintiff has not been making, using, selling, offering to sell, or importing any product that contains each and every element and limitation of any claim of the '630 Patent.

20. Plaintiff has not infringed, directly or indirectly, any claim of the '630 Patent either literally or via the doctrine of equivalents.

21. Defendant's patent infringement allegations regarding the '630 Patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

22. Plaintiff is entitled to declaratory judgment adjudicating that the Patent-in-Suit is not infringed by Plaintiff and enjoining Defendant from continuing its patent assertion campaign against Plaintiff in Illinois and elsewhere.

23. An actual case or controversy exists between Plaintiff and Defendant based on Defendant's wrongful assertion of patent infringement against Plaintiff, forming a justiciable controversy between the parties that is ripe for determination as to the '630 Patent.

24. Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to the attorney's fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that the Patent-in-Suit is not infringed by Defendant.

2. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

    A. Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and

    B. Requiring that Defendant provide written notice of the injunction to all enjoined parties.

3. Judgment that this case is exceptional under 35 U.S.C. § 285 based on Defendant's conduct.

4. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

5. That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

6. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: July 12, 2024                              Respectfully submitted,

/s/ Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
Sameeul Haque
shaque@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123
Facsimile: (847) 969-9124

*Counsel for Plaintiff, GUANNIAN GROUP CO., LIMITED d/b/a GN TRADING COMPANIES*